DOA: 6-9-26

PROB 12C
(06/17)

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Brandy Soliz (English)

**Reg. No.:** 36434-510

**Dkt. No.:** 23CR00053-002-RBM

Az. no: 26-8192 MJ

**Name of Sentencing Judicial Officer:** The Honorable Ruth Bermudez Montenegro, U.S. District Judge

**Original Offense:** 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), Transportation of Certain Aliens and Aiding and Abetting, a Class D felony.

**Date of Sentence:** June 9, 2023

**Sentence:** 12 months and one day custody, followed by three years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On August 19, 2024, Your Honor modified the conditions to include Ms. Soliz provide the probation office with requested financial information and authorize the release of any financial information.

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** October 20, 2023

**Asst. U.S. Atty.:** Syeda Sarah Akhtar

**Defense Counsel:** Frank Morell
(Appointed)
619-498-0667

**Prior Violation History:** None.

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|

**(Mandatory Condition)**
Not commit another federal, state, or local crime.

**(Mandatory Condition)**
Not unlawfully possess a controlled substance.

1. On or about December 10, 2024, Ms. Soliz possessed dangerous drugs, in violation of Arizona Penal Code § 13-3407A1, as evidenced by the indictment filed in Yuma County Superior Court, Docket S1400CR202401360.

2. On or about December 10, 2024, Ms. Soliz possessed drug paraphernalia involving methamphetamine, in violation of Arizona Penal Code.§ 13-3415A, as evidenced by the indictment filed in Yuma County Superior Court, Docket S1400CR202401360.

*Grounds for Revocation:* As to Allegations 1 and 2, I have received and reviewed the Yuma Police Department Arrest Report No. 2024-70488, which confirms the following: On December 10, 2024, a civil traffic stop was completed on a vehicle where Ms. Solis was the driver and sole occupant. When the offender was instructed to step out of the vehicle, the police officer observed a small, clear bag containing a white, crystallized substance in between the seat and center console, with some of the white, crystallized substance having spilled onto the driver's seat. Following a probable cause search and a field test, it was confirmed to be methamphetamine, which weighed approximately 1.08 grams.

After the offender's Miranda Rights were read to her, she admitted that she been using methamphetamine almost daily and although the methamphetamine she was in possession of was not for her, she was transporting the methamphetamine to give to another individual.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On October 20, 2023, Ms. Soliz commenced her three-year term of supervised release and her adjustment to her current supervision is considered poor as she possessed dangerous drugs and possessed drug paraphernalia involving methamphetamine, as alleged herein. She further admitted that she had been using methamphetamine almost daily and she was transporting it to provide to another individual.

In light of the above, the offender's conduct is that of someone with little concern about the authority of the court and the directives of the probation office. Further, there was foreseeable significant risk to the individual she was transporting the methamphetamine to, especially had the circumstances been different.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Soliz is a 32-year-old female who resides in Yuma, Arizona and is unemployed.

Ms. Soliz reported that her substance abuse history dates to when she was 14 years old and consists of alcohol, marijuana, cocaine and methamphetamine.

Ms. Soliz's criminal history dates to when she was 16 years old and includes aggravated assault-deadly weapon, street gang assist, attempted robbery, theft of means of transport, trafficking stolen property, fraudulent use of credit card, criminal trespass, threaten/intimidate for street gang, dangerous drug possession/use, drug paraphernalia possession/use, unlawful means transport and transporting an alien who was unlawfully present in the United States. Furthermore, in the state of Arizona, she has been the subject of several community supervisions with Yuma County Superior Court and Yumi City Municipal Court most of which resulted in revocations of supervision. Currently, Ms. Soliz is on supervision for transportation of certain aliens and aiding and abetting.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** : If it is determined that the offender has violated the conditions of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(1), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (New criminal charges) constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 18 to 24 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 2 years. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Ms. Soliz has failed to remain law abiding by possessing dangerous drugs and possessing drug paraphernalia. Her conduct alleged herein placed the community at risk. As such, it is believed the issuance of a warrant is justified to gain her appearance in court to answer to the alleged violation.

## RECOMMENDATION/JUSTIFICATION

Ms. Soliz has demonstrated an inability to successfully abide by all conditions of her supervision. Her conduct in this offense is concerning in that the individual she was transporting drugs to was exposed to a serious risk to their wellbeing. Therefore, it is believed court intervention is needed to help bring the offender back into compliance.

Should the Court sustain the allegation, this officer respectfully recommends supervised release be revoked. Based on the totality of the violation conduct, a high-range custodial sentence of 24 months, to be served consecutive to any term of imprisonment that she may be sentenced to for her pending law violations in the Yuma County Superior Court, is being recommended as a sanction for the violation of the breach of trust with the court. This officer would respectfully request that a term of 12 months of supervised release to be imposed. All the previously ordered special conditions are recommended, with the addition of the following special condition:

- Enroll in and successfully complete a residential drug treatment program as directed by U.S. Probation.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  January 10, 2025**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by

Meghan K. Smith
U.S. Probation Officer
(619) 409-5126

Reviewed and approved:

Craig Bilinski
Supervisory U.S. Probation Officer

fyf